KIRSTEN N. BAXTER
Oregon State Bar ID Number 103168
kirsten@baxterlaw.com
Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, Oregon 97225
Phone: (503) 297-9031
Facsimile: (503) 291-9172
Attorney for Plaintiff Eiler

HON. MICHAEL H. SIMON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KENNETH EILER, Trustee, as representative of Bankruptcy Estate of Melinda Surrency, | Civil No. 3:13-CV-00014-SI |
| Plaintiff, | SECOND AMENDED COMPLAINT |
| v. | Fair Debt Collection Practices Act; Invasion of Privacy |
| PERFORMANT RECOVERY, INC., a California corporation, | |
| Defendant. | |

1.

This court has jurisdiction under 15 U.S.C. § 1681p.

2.

Plaintiff Kenneth Eiler is the trustee to Melinda Surrency's Chapter 7 Bankruptcy. All pre-bankruptcy legal claims that Ms. Surrency has against any third party are property of her bankruptcy estate and therefore administered by the Plaintiff. 11 U.S.C. § 541.

3.

Page 1 – **SECOND AMENDED COMPLAINT**

Melinda Surrency is a consumer defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a.

4.

Defendant Performant Recovery, Inc., formerly known as Diversified Collection Services, Inc. ("DCS") is a "debt collector" within the meaning of 15 U.S.C. § 1692a. The debt at issue is a debt for Ms. Surrency with Access Group, Inc. ("Access Group"), account number 804983338. Access Group assigned the debt to DCS for collection.

5.

This civil action involves a "debt" within the meaning of 15 U.S.C. § 1692a.

6.

On or about November 7, 2011, Ms. Surrency received a telephone call from Defendant requesting three references. Defendant assured Ms. Surrency that the references would only be used to locate her if she otherwise could not be located. Ms. Surrency disclosed her mother as a reference.

7.

On or about November 11, 2011, Defendant called Ms. Surrency's mother. Defendant disclosed to Ms. Surrency's mother the default status of Ms. Surrency's loans, her repayment options, and finally threatened it would sue Ms. Surrency if she did not move ahead with one of three repayment options presented. This was very disturbing to Ms. Surrency and has caused emotional strain in her relationship with her mother.

Page 2 – **SECOND AMENDED COMPLAINT**

8.

During both the November 7, 2011 and November 11, 2011 telephone conversations, DCS threatened to increase the balance of Ms. Surrency's student loan by $20,000 or 25% if Ms. Surrency did not pursue one of the three options presented.

FIRST CLAIM FOR RELIEF

FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et. seq.

9.

Plaintiff incorporates paragraphs 1 – 7 as fully set forth herein.

10.

Defendant violated the Fair Debt Collection Practices Act in the following ways:

1) The use of deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

2) Communicating to any person credit information which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8);

3) The Failure to identify itself in a telephone call to someone other than the debtor, in violation of 15 U.S.C. § 1692b(1);

4) Stating that the debtor owes a debt to someone other than the debtor, in violation of 15 U.S.C. § 1692b(2);

5) Engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

6) Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

11.

As a result of Defendant's violations of the Fair Debt Collection Practices Act, Ms. Surrency was caused to suffer, worry, fear, distress, embarrassment and humiliation. Damages, including statutory damages, in a reasonable amount should be determined by the jury.

12.

Plaintiff is entitled to his statutory damages of $1,000, pursuant to 15 U.S.C. 1692k.

13.

Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1692k.

<u>SECOND CLAIM FOR RELIEF</u>

INVASION OF PRIVACY

14.

In the alternative, Plaintiff seeks relief for Invasion of Privacy.

15.

Plaintiff realleges paragraphs 1 through 8 as fully set forth herein.

16.

Defendant's conduct intentionally intruded on Ms. Surrency's solitude, seclusion and/or privacy.  Defendant's conduct was highly offensive to Ms. Surrency and would be highly offensive to a reasonable person.  Defendant acted with malice or willful intent to injury Ms. Surrency.

17.

Page 4 – **SECOND AMENDED COMPLAINT**

Defendant's conduct caused Ms. Surrency to suffer damages including invasion of her privacy, intrusion of her solitude and seclusion, emotional distress, frustration, mental anguish, economic loss, and interference with her normal and usual activities in addition to statutory damages for which Plaintiff seeks damages in a reasonable amount.

## PRAYER

Plaintiff demands a jury trial on all claims. Wherefore Plaintiff prays for a judgment as follows:

1. On Plaintiff's First Claim for Relief for violations of the Fair Debt Collections Practices Act against Defendant:

    a. Damages;

    b. Attorney fees and costs.

2. On Plaintiff's Alternative Second Claim for Relief for Invasion of Privacy against Defendant:

    a. Actual damages;

    b. Costs and expenses incurred herein.

DATED this 4th day of June 2013.

> /s/ Kirsten N. Baxter
> Kirsten N. Baxter, OSB # 103168
> (503) 297-9031
> (503) 291-9172 (Facsimile)
> Attorney for Plaintiff

Page 5 – **SECOND AMENDED COMPLAINT**